# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HEATHER R. WESTMORELAND, | : | Case No. 3:17-cv-00096 |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| vs. | : | |
| NANCY A. BERRYHILL,<br>Commissioner of the Social Security<br>Administration, | : | |
| Defendant. | : | |

# DECISION AND ENTRY

Disability Insurance Benefits are available to a person who can no longer work, because he or she has a disability, among other eligibility requirements. *See* 42 U.S.C. § 423(d)(1)(A)-(2)(A); *see also Bowen v. City of New York*, 476 U.S. 467, 470 (1986). Plaintiff Heather R. Westmoreland applied for Disability Insurance Benefits asserting that her many health problems constituted a disability. Her disability began, she said, starting on May 15, 2010. The Social Security Administration denied Plaintiff's application based mainly on Administrative Law Judge (ALJ) Elizabeth A. Motta's conclusion that Plaintiff was not under a disability.

Before ALJ Motta reached this conclusion, she held a hearing during which Plaintiff and a vocational expert testified. The vocational expert informed ALJ Motta about the number of jobs available to a hypothetical person with Plaintiff's age, education, work experience, and ability to engage in work activities. The vocational expert thought that 1.5

million light jobs would be available to this hypothetical person, with examples including stock clerk (approximately 240,000 jobs), marking clerk, mail clerk (approximately 45,000 jobs), office-machine operator (approximately 23,000 jobs). (Doc. #7, *PageID* #121). This hypothetical person could also perform 300,000 sedentary jobs available nationally, according to the vocational expert. Examples included general-office clerk (approximately 100,000 jobs), document specialist, bookkeeping clerk (approximately 60,000 jobs), word processor (approximately 15,000 jobs). *Id*. at 122.

For each job she identified, the vocational expert identified the corresponding job-classification number in the U.S. Department of Labor's *Dictionary of Occupation Titles* (DOT). The ALJ asked the vocational expert if her testimony was consistent with the DOT. She responded, "[T]he DOT does not address off task behavior, absenteeism or driving as part of job duties, as well as the reduced range of standing and walking. So my responses to those hypotheticals were based on my jobs placement experiences. Otherwise, I do believe it is consistent." *Id*.

When asked by Plaintiff's counsel about the source of the job numbers, the vocational expert testified that primarily used information from the Bureau of Labor Statistics. *Id*. at 124. She further indicated that she relied on job numbers from 2014. *Id*. Plaintiff's counsel did not ask the vocational expert for further information. *Id*. at 124-25.

After the hearing, Plaintiff's counsel submitted objections and evidence challenging both the vocational expert's testimony and the ALJ's potential reliance on it. Despite Plaintiff's challenges, ALJ Motta credited the vocational expert's testimony and ultimately concluded that Plaintiff was not under a disability as defined under Social Security law.

Plaintiff presently contends that ALJ Motta erred by relying on the vocational expert's testimony without adequately addressing Plaintiff's challenges to it. She seeks an Order granting judgment in her favor and remanding the matter for further administrative proceedings. The Commissioner finds no error in the ALJ's reliance on the vocational expert's testimony or in her handling of Plaintiff's post-hearing evidence and objections. The Commissioner maintains that the ALJ expressly discussed Plaintiff's post-hearing evidence and objections, and that the ALJ's consideration was legally adequate.

The present review of ALJ Motta's decision determines whether she applied the correct legal standards and whether substantial evidence supports her findings. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). If she failed to apply the correct legal criteria, her decision may be fatally flawed even if the record contains substantial evidence supporting her findings. *Rabbers*, 582 F.3d at 651; *see Bowen*, 478 F.3d at 746; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004). Substantial evidence supports a finding when "a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance ...." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

As indicated above, Plaintiff's eligibility to receive Disability Insurance Benefit hinged on whether she was under a disability. *See* 42 U.S.C. § 423(d)(1)(A)-(d)(2)(A); *see also Bowen*, 476 U.S. at 470. To determine if she was under a disability, ALJ Motta

evaluated the evidence under the Social Security Administration's five-step evaluation procedure. 20 C.F.R. § 404.1520(a)(4). At the fifth and final step, ALJ Motta considered Plaintiff's age, education, work experience, and the most work activities she could do despite her impairments—her residual functional capacity, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002)—and concluded that a significant number of jobs existed in the national economy that Plaintiff can perform. (Doc. #7, *PageID* #77). The ALJ explained, in part, "The information provided by the vocational expert is consistent with the information contained in the *Dictionary of Occupational Titles (DOT)* as published by the United States Department of Labor (Social Security Ruling 00-4p)." *Id*. at 78. The ALJ also addressed Plaintiff's post-hearing evidence and objections as follows.

> [Plaintiff's] Counsel's arguments have been given due consideration. His objections to the vocational expert testimony at the hearing…, are overruled and his request for an additional hearing is denied. He had adequate opportunity to question the vocational expert at the hearing and clarify any issues, which he did to only a very minimal degree and made no significant arguments as to specific bases to reject her testimony in part or in full.
>
> Suman Srinivasan is a bona fide vocational expert deemed well qualified to testify in that role by the Social Security Administration (Exhibit 11E). Counsel's arguments are without justification and do not provide a compelling basis for disputing the information supplied by Ms. Srinivasan in this matter. Social Security regulations provide that a sufficient basis for vocational expert testimony can be professional knowledge and experiences as well as reliance on job information available from various governmental and other publications of which administrative notice is taken (see 20 CFR 404.1560(b)(2), 404.1566(d)…).
>
> Counsel's argument regarding the inappropriateness or insufficiency of Ms. Srinivasan's testimony is misplaced. No valid basis has been presented for the rejection of the vocational opinion evidence present at the hearing….

(Doc. #7, *PageID* #78).

Analysis of the parties' dispute over the ALJ's use of the DOT begins with the leeway generally provided to ALJ's at step five of the sequential evaluation:

> ALJs are permitted to consider "'reliable job information' available from various publications" as evidence of the claimant's ability to do other work "that exists in the national economy." S.S.R. 00–4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000) (citing 20 C.F.R. §§ 404.1566(d) and 416.966(d)). Such publications include the DOT, which provides "information about jobs (classified by their exertional and skill requirements) that exist in the national economy." 20 C.F.R. § 416.969 [and §404.1569]. ALJs are also authorized to consider the testimony of so-called "vocational experts"… as a source of occupational evidence. S.S.R. 00–4p, 2000 WL 1898704, at *2.

*Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009). When a vocational expert's testimony conflicts with DOT information, "the Social Security Administration has imposed an affirmative duty on ALJs to ask the [vocational expert] if the evidence that he or she provided conflicts with the information provided in the DOT." *Id.* (citation and internal punctuation omitted). It is likewise mandatory for ALJs to "obtain a reason explanation for … apparent conflicts if the [vocational expert's] evidence appears to conflict with the DOT." *Id.* (citation and internal punctuation omitted).

Plaintiff explains that she is not attacking the vocational expert's expertise; she is challenging the ALJ's failure to satisfy "her clear obligation to address facially valid objections (for instance, by obtaining an explanation from the vocational expert regarding the issue raised in the Memorandum & Objections)…." (Doc. #8, *PageID* #s976-77). Plaintiff further contends that the ALJ failed to address the objections she raised based on the more up-to-date and reliable job information described in O*NET, available on the Department of Labor's website. Plaintiff emphasizes that it has been more than two decades

5

since the DOT job descriptions were last updated, and it is now obsolete and is no longer being used by the Department of Labor.

Defendant argues that Plaintiff's challenges fall short because "at no time did Plaintiff indicate there were specific objections to the [vocational expert's] opinion." (Doc. #10, *PageID* #997). Defendant is correct that Plaintiff's counsel did not object during the ALJ's hearing to the vocational expert's testimony about the DOT or to any discrepancy between the DOT and the O*NET. Yet, Plaintiff raised his objections in his post-hearing memorandum, thus presenting the ALJ with a reasonable opportunity to address them. And, Plaintiff correctly points out that nothing in HALLEX § I-2-5-55, 1994 WL 637383 (June 16, 2016)[1] or agency policy appears to require counsel to raise all objections during the ALJ's hearing or risk forever waiving them. *Cf. Sims v. Apfel*, 530 U.S. 103, 112 (2000) ("we hold that a judicially created issue-exhaustion requirement is inappropriate. Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues."). "In reaching this holding [in *Sims*] the Supreme Court observed that no statute or regulation required issue-exhaustion, and a judicially imposed issue-exhaustion requirement was not appropriate because the Social Security administrative proceeding is not adversarial." *Johnson v. Berryhill*, No. 4:16cv105, 2017 WL 2454326, at *6 (W.D. Ky. 2017) (citing *Sims*, 530 U.S. at 107-112).

---

[1] "HALLEX" is the acronym for the Hearings, Appeals and Litigation Law Manual of the Social Security Administration, which provides "'guiding principles, procedural guidance and information' to adjudicators and staff of the Office of Hearings and Appeals." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008) (citation omitted).

Neither of the two cases on which Defendant relies addresses the situation presented here, where Plaintiff raised specific objections in his post-hearing brief before the ALJ issued her decision. *See* Doc. #10, *PageID* #997 (citing, as examples, *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 837 (6th Cir. 2006); *Baranich v. Barnhart*, 128 F. App'x 481, 490 (6th Cir. 2005). Those cases, therefore, do not support the occurrence of any waiver by Plaintiff of her present arguments.

\* \* \*

The next problem in the ALJ's decision emerges from her statement that "[t]he information provided by the vocational expert is consistent with information contained in the … DOT…." (Doc. #7, *PageID* #78). Contrary to the ALJ's statement, the vocational expert acknowledged that some of her information is not addressed by the DOT. When the ALJ asked the vocational expert if her testimony was consistent with the DOT, the vocational expert testified, "the *DOT* does not address off task behavior, absenteeism or driving as part of job duties, as well as the reduced range of standing and walking. So my responses to those hypotheticals has been based on my job placement experience. <u>Otherwise</u>, I do believe it is consistent." *Id*. at 123-24 (emphasis added). To be certain, it is not error for an ALJ to rely on a vocational expert's reference to her own job-placement experience. *See* Soc. Sec. R. 00-4p, 2000 WL 1898704, \*3 (Dec. 4, 2000) ("Information about a particular job's requirements…, may be available…, from a [vocational expert's] experience in job placement or career counseling."). Here, however, the ALJ viewed the vocational expert's testimony as consistent with the DOT, a fundamental misunderstanding of her testimony. *See* Doc. #7, *PageID* # 124 ("Otherwise, I do believe it is consistent.").

Even if the ALJ had not misunderstood the vocational expert's testimony, Plaintiff correctly contends that the ALJ failed to adequately consider her post-hearing objections and evidence. "While the Social Security Commissioner does take administrative notice of this document when determining if jobs exist in the national economy, 20 C.F.R. § 404.1566(d)(1), common sense dictates that when such descriptions appear obsolete, a more recent source of information should be consulted." *Cunningham v. Astrue*, 360 F. App'x 606, 615, 2010 WL 22286, at *9 (6th Cir. 2010). The ALJ did not specifically mention or address whether the DOT's descriptions were obsolete or whether the distinctions Plaintiff drew in her post-hearing memorandum between the DOT jobs the vocational expert identified and how that jobs are currently performed.

Plaintiff contended in her post-hearing memorandum that the jobs offered by the vocational expert—marking clerk, DOT 209.587-034; mail clerk, DOT 209.687-014; and photocopy machine operator, DOT 207.685-014—are performed differently in today's workforce than described by the more than two-decades-old DOT. (Doc. #7, *PageID* #369). Plaintiff indicated that the job of marking clerk, DOT 209.587-034, was last updated in the DOT in 1977. (Doc. #7, *PageID* #s 368-69). It is also cross-walked, Plaintiff explains, with the Department of Labor's Standard Occupational Classification (SOC) Code 43-5081 and, according to O*NET, this job is currently performed at the semiskilled to skilled levels, as it requires a Specific Vocational Preparation (SVP) of 4 to < 6. (Doc. #7, *PageID* #s 368-69). Plaintiff continues to explain that the job of mail clerk, DOT 209.687-014 was last updated in 1977; it is cross-walked with SOC Code 43-5051 and, according to O*NET, this job is currently performed at the semiskilled to skilled levels, as it requires a

8

Specific Vocational Preparation (SVP) of 4 to < 6.  (Doc. #7, *PageID* #s 368-69).  And, Plaintiff reports that the job of photocopy machine operator, DOT 207.685-014, was last updated in the DOT in 1977; it is cross-walked with SOC Code 43-9071.00 and, according to O*NET, this job is currently performed at the semiskilled to skilled levels, as it requires a Specific Vocational Preparation (SVP) of 4 to < 6.  In light of these arguable distinctions between the DOT's job descriptions and the much more recent information compiled in O*NET, the vocational expert's DOT-based testimony is "does not warrant a presumption of reliability."  *Cunningham*, 360 F. App'x at 616.   A remand is therefore warranted under sentence four of 42 U.S.C. §405(g) for consideration of whether the DOT descriptions "were reliable in light of the economy as it existed at the time of the hearing before the ALJ."  *Id*.

Accordingly, Plaintiff's Statement of Errors is well taken.

## IT IS THEREFORE ORDERED THAT:

1. The Commissioner's non-disability finding is vacated;

2. No finding is made as to whether Plaintiff Heather R. Westmoreland was under a "disability" within the meaning of the Social Security Act;

3. This matter is REMANDED to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry;

4. Plaintiff's Motion for Oral argument (Doc. #8) is denied as moot; and

5. The case is terminated on the Court's docket.

March 28, 2018                          *s/Sharon L. Ovington*
                                                        Sharon L. Ovington
                                                         United States Magistrate Judge